IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FREDDIE BROWN, #37547**                                                        **PETITIONER**

**VERSUS**                                              **Civil Action No. 1:13-cv-214-HSO-RHW**

**TIMOTHY OUTLAW, WARDEN**                                                       **RESPONDENT**

## REPORT AND RECOMMENDATIONS

Before the Court are [1] Freddie Brown's April 24, 2013 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by the Clerk on May 16, 2013;[1] [14] Respondents' July 18, 2013, motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d); and [16] Brown's August 30, 2013 response to the motion to dismiss.  Upon review and consideration of the pleadings, records on file, and relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that the motion to dismiss should be granted and the petition for federal habeas relief, dismissed.

## FACTS AND PROCEDURAL HISTORY

Freddie Brown is currently incarcerated in the Marshall County Correctional Facility in Holly Springs, Mississippi, where Timothy Outlaw is the Warden.  On June 11, 1987, Brown was convicted by a jury of robbery by assault and sentenced as an habitual offender by the Circuit Court of Harrison County, Mississippi to life imprisonment in custody of the Mississippi Department of Corrections ("MDOC") without the possibility of parole.  [14-1]  The Mississippi Supreme Court affirmed the conviction and sentence without opinion on April 15, 1992.  *Brown*

---

[1]Although Brown's petition [1] is undated, his contemporaneously filed memorandum [2] bears the date of April 24, 2013.  Under the "mailbox rule," Brown's *pro se* federal habeas petition is deemed filed the day he delivered it to prison officials for mailing to the District Court.  *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)).

*v. State*, 597 So.2d 647 (Miss. 1992).  Brown admittedly sought no further review in the state court, nor did he seek *certiorari* review in the United States Supreme Court.  [1, pp. 2-3]

Under Mississippi law, one who has had a direct appeal must seek permission from the Mississippi Supreme Court before filing a motion for post-conviction relief.  MISS. CODE ANN. § 99-39-7.  Brown has presented a June 7, 1995 order of the Mississippi Supreme Court in Cause No. 89-KA-0549[2] denying a petition for post-conviction collateral relief "filed by Brown on April 19, 1995."  In that order, the court held Brown's application barred by the three year period of limitation of MISS. CODE ANN. § 99-39-5, and found the issues raised were without merit.  [2-1]  The only other filings Brown made in the state court occurred well after April 27, 1997.[3]

On May 16, 2013, Brown filed this federal habeas petition, challenging his sentence to life imprisonment without parole under Mississippi's habitual offender statute.  MISS. CODE ANN. § 99-18-83.  On July 18, 2013, Respondent moved to dismiss the action as time-barred under 28 U.S.C. § 2244(d).  Brown was granted an extension of time to respond to the motion, and filed his response on August 30, 2013.  The matter is now ripe for ruling.

## LAW AND ANALYSIS

Respondents urge that Brown's habeas petition is untimely filed in violation of the one-year statute of limitations set out in 28 U.S.C. § 2244(d), which provides:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

---

[2]This is the same docket number which appears on the memorandum opinion affirming Brown's conviction/sentence.
[3]These filings were made in the years 2000, 2002, 2004, 2011 and 2012.  [14-3], [14-4], [2-2].

>  the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For limitations purposes, convictions which predate the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) are considered final as of April 24, 1996, the date the AEDPA was enacted. Since Brown was convicted in 1987, his conviction was deemed final, for federal habeas purposes, on April 24, 1996, and he was allowed a one-year grace period from that date to file for federal habeas relief. *See Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 768 (5th Cir. 2004) (citing *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003)). Unless the narrow exceptions of § 2244(d)(1)(B-D) apply, Brown's window for filing a federal habeas petition closed on April 24, 1997.

      While the one-year limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," neither an improperly filed state habeas petition nor a state habeas petition filed outside the limitations period affects the one-year time-bar for federal habeas relief. An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000). Although § 2244(d)(2) requires federal courts to toll the time during which a properly filed state habeas application is pending (*Flanagan v. Johnson*, 154 F.3d 196, 199, n.1 (5th Cir. 1998)), a state habeas application filed after the period of limitation has expired will not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*,

227 F.3d 260, 263 (5th Cir. 2000) (state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired).

Absent a "properly filed" post-conviction application to toll the limitations period, Brown's time for filing for federal habeas relief expired April 24, 1997, and his petition is time-barred.  *See Grillete*, 372 F.3d at 769; *Flanagan*, 154 F.3d at 201.  Since no records indicate Brown filed anything to toll the period from April 24, 1996 to April 24, 1997, there was no statutory tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2).

The one-year statute of limitations is subject to equitable tolling, but only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999)).  The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder*, 204 F.3d at 171.  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder*, 204 F.3d at 174).  To be entitled to equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).  It is the petitioner's burden to establish that he is entitled to equitable tolling.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  Brown has failed to carry that burden, as he has not set forth extraordinary circumstances to justify the lengthy delay in filing the present petition.  "Under long-established principles, petitioner's lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112

L.Ed.2d 435 (1990); *McQuiddy v. Ware*, 87 U.S. 14, 20 Wall. 14, 19, 22 L.Ed. 311 (1874) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights")).

     The undersigned finds no merit in Brown's argument that his allegation of illegal sentence somehow exempts his claim from procedural bars including limitations, or that his claim comes within the exception provided by § 2244(d)(C).  Brown forfeited the opportunity for review by this Court by abandoning the state court appellate process after his conviction was affirmed, by failing to timely seek state court post-conviction relief, and by failing to timely file the present petition.  His reliance on *Bullcoming v. New Mexico*, 131 S.Ct. 2705 (2011) as entitling him to the § 2244(d)(C) exception is misplaced.  That case involved whether, consistent with the Sixth Amendment's confrontation clause, the prosecution in a drug possession case could "introduce a forensic laboratory report containing a testimonial certification–made for the purpose of proving a particular fact–through the in-court testimony of a scientist who did not sign the certification or perform or observe the test reported in the certification."  The Supreme Court held it could not.  Brown seeks to apply *Bullcoming* to invalidate his habitual offender sentence because at his sentencing hearing, the prosecution introduced certified penitentiary packets regarding Brown's prior convictions and penitentiary time, in addition to certified copies of judgements, sentencing orders and commitment papers.[4]  [2, pp. 3-8], [2-5] -[2-14]  The Mississippi Court of Appeals has held that self-authenticating pen-packs are not testimonial evidence[5] and this Court has held that state court ruling is not an unreasonable application of *Crawford v. Washington*, 541 U.S. 36 (2004).[6]  *Johnson v. King*, 2009 WL 2872804 (S.D. Miss.

---

[4]Brown's prior convictions and the crime for which he was being tried were all from the same state court. See documents [2-5] through [2-15].
    [5]*Frazier v. State*, 907 So.2d 985, 996 (Miss.App. 2005).
    [6]*Crawford* held a showing of unavailability of the witness and an opportunity for cross-examination would be required prior to admission of testimonial hearsay evidence.

2009). Furthermore, *Bullcoming* cannot control in the instant case since there is no provision that its holding applies retroactively to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 1173 (2001)("a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"). The Supreme Court has held that *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004), the controlling precedent for confrontation clause claims, does not apply retroactively on collateral review. *Whorton v. Bockting*, 127 S.Ct. 1173 (2007). And even if *Bullcoming* did apply to this case, Brown filed nothing within one year of the date of that decision. *Bullcoming* was decided June 23, 2011. Brown allowed over a year to elapse before he filed what he alleged was his third application to proceed with a post-conviction motion [14-5, p. 6] on July 12, 2012. Even if *Bullcoming* were deemed to first recognize the right Brown claims with respect to his sentence, and to apply retroactively to cases on collateral review, and to commence a new period of limitations for Brown to file a federal habeas petition, the limitations period would have expired June 23, 2012. Brown's petition should be dismissed as time-barred.

## RECOMMENDATION

Upon due consideration of the Petition, pleadings on file, and the relevant legal authority, it is the opinion of the undersigned United States Magistrate Judge that Respondent's motion to dismiss should be **GRANTED** and Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254, **DISMISSED.**

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the

objections must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      Signed, this the 5th day of November, 2013.

                                      /s/ *Robert H. Walker*
                                      ROBERT H. WALKER
                                      UNITED STATES MAGISTRATE JUDGE